Marta MANSFIELD, Plaintiff–
Appellant,

v.

COMMISSIONER OF SOCIAL SE-
CURITY ADMINISTRATION,
Defendant–Appellee.

No. 11–35484.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 19, 2013.

Tim Wilborn, Wilborn Law Office, PC,
Oregon City, OR, for Plaintiff–Appellant.

Adrian Lee Brown, Assistant U.S., Of-
fice of the U.S. Attorney, Portland, OR,
Brett Edward Eckelberg, Assistant Re-
gional Counsel, Social Security Adminis-
tration, Office of the General Counsel, Se-
attle, WA, for Defendant–Appellee.

Before: FERNANDEZ, TASHIMA,
and WARDLAW, Circuit Judges.

MEMORANDUM **

Tim Wilborn, the attorney of record for
Marta Mansfield and the real-party-in-in-
terest, appeals from the district court's
order granting in part his motion for attor-
ney's fees under 42 U.S.C. § 406(b) based
on a contingent-fee agreement with Mans-
field. We have jurisdiction under 28
U.S.C. § 1291. We review for an abuse of
discretion, *Crawford v. Astrue,* 586 F.3d
1142, 1147 (9th Cir.2009) (en banc), and we
affirm.

The district court did not abuse its dis-
cretion by reducing the fees from the
percentage specified in Wilborn's fee
agreement based on the court's assess-
ment, under the appropriate legal stan-
dard, of what fees were reasonable given
the risk and complexity involved in this
case. *See id.* at 1152–53 (explaining that
courts should assess the complexity and
risk involved in the specific case at issue,
rather than social security cases in gener-
al, when analyzing the reasonableness of
the requested fees); *see also Gisbrecht v.
Barnhart,* 535 U.S. 789, 808, 122 S.Ct.
1817, 152 L.Ed.2d 996 (2002) ("Judges of
our district courts are accustomed to
making reasonableness determinations in
a wide variety of contexts, and their as-
sessments in such matters, in the event of
an appeal, ordinarily qualify for highly re-
spectful review."); *Clark v. Astrue,* 529
F.3d 1211, 1214 (9th Cir.2008) ("The dis-
trict court abuses its discretion if it does
not apply the correct legal standard or
rests its decision on a clearly erroneous
finding of fact.").

AFFIRMED.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.